UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDOUARD ABENSON,

        Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
U.S. ATTORNEY GENERAL,

        Respondents.

Case No. 2:26-cv-1813-KCD-NPM

_____/

## **ORDER**

Petitioner Edouard Abenson filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He also sought an injunction ordering his immediate release. (*Id.* at 8.) Since filing the petition, Abenson has been deported. (Doc. 6.) That leaves his case moot. *See, e.g., Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt.*, No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025). Put another way, "[s]ince [Abenson] already has been released from custody, his prayer for relief has been satisfied." *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

To be sure, there are exceptions to the mootness doctrine. A case may survive if a petitioner suffers from collateral consequences of the detention—

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

some concrete injury that persists even after release. But Abenson's habeas petition challenged only his detention, not the validity of his removal order or anything else. Abenson has not shown (or even argued) any continuing injury from his prior detention that this Court can now remedy. *Id.* ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001). This applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. *Id.* That is not the case here. To find otherwise, the Court would have to assume that Abenson will return to the United States and again be detained. That is simply too remote a possibility to sustain federal jurisdiction. *See, e.g., Mehmood v. United States Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020), *Kerbay v. Sessions*, No. 17-21055-CIV, 2017 WL 11697007, at *1 (S.D. Fla. May 2, 2017).

For the reasons above, Abenson's habeas petition (Doc. 1) is **DENIED as moot**. The Clerk of Court is **DIRECTED** to terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** in Fort Myers, Florida on June 23, 2026.

Kyle C. Dudek
United States District Judge